UTILITY CO-WORKERS ASSOCIA-
TION, Appellant,

v.

PUBLIC SERVICE ELECTRIC AND GAS
COMPANY, Appellee.

No. 14939.

United States Court of Appeals
Third Circuit.

Argued March 17, 1965.

Decided April 14, 1965.

George Duggan, Newark, N. J., for appellant.

Luke A. Kiernan, Newark, N. J., for appellee.

Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

The dispute before us arises out of the action of the employer-appellee in filling a confidential secretary employee vacancy with an employee who had been with appellee for thirty-four years, many of which as a confidential secretary.

Article XIV, Section 5 of the bargaining agreement between appellant and appellee reads:

"When a vacancy occurs or a new position is created in those secretarial positions considered to be confidential and not included in the bargaining unit, the Company agrees that it will extend to other stenographic employees in the Commercial Office first consideration for promotion to the secretarial position. Vacancies in these secretarial positions shall be posted in accordance with the procedure outlined in Section 1 of this Article, except that the position of Secretary to Commercial Manager shall not be posted if that vacancy is filled by promotion of an-

other confidential secretarial employee.

"For confidential positions which are posted, pursuant to the provisions of the preceding paragraph, the Committee of the Local Council will be consulted and will be notified of the Commercial Manager's selection before the promotion is made. *The selection of employees for confidential positions, which are posted, shall be subject to the grievance procedure (through step "Third" of Article XV), but they shall not be subject to arbitration."* (Emphasis supplied).

 One of the two Commercial Office employees who applied for the position possessed the minimum qualifications for the position. She was nineteen years old and had been employed by appellee for two years. Appellee having given first consideration to the Commercial Office employee then considered the qualifications of the applying confidential secretary and as above stated chose her. On behalf of appellant it is argued that "first consideration" in Section 5 means that appellant was bound to give the Commercial Office employee " 'thoughtful or sympathetic regard', in 'preference to any (one) else.' " Such attempted restricted interpretation of the phrase is completely unwarranted in its context. What the company was bound to do under Section 5 was to examine the Commercial Office employee's qualifications first, which it admittedly did. Following that, it examined the qualifications of the other applicant and in strict accord with Section 5 selected her for the vacancy. In any event, this question, together with appellant's argument re whether the appointment made was a "promotion", which latter is clearly de minimis, are both an integral part of the selection to fill the confidential position vacancy which is expressly " * * * subject to the grievance procedure * * * but * * * shall not be subject to arbitration."* (Emphasis supplied).

The judgment of the district court will be affirmed.